**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2324-17T2

JEFFREY W. DESIMONE,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Submitted May 1, 2019 – Decided May 15, 2019

Before Judges Currier and Mayer.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-52748.

Kenneth T. Palmer, attorney for appellant.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jeffrey D. Padgett, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Jeffrey W. DeSimone appeals from a December 12, 2017 final administrative determination issued by respondent Board of Trustees of the Police and Firemen's Retirement System (Board), denying his application for deferred retirement pension benefits. The Board denied DeSimone's benefits because he was terminated from his employment as a police officer with the Township of Brick (Township) for conduct unbecoming a public employee and other reasons. We affirm.

After having been employed for thirteen years as a Township police officer,[1] DeSimone was terminated from his position based on charges of misconduct or delinquency in accordance with N.J.S.A. 43:16A-11.2. DeSimone was unsuccessful in challenging his termination and seeking reinstatement to the police department.

After he was terminated, DeSimone claimed he spoke to an analyst at the Division of Pensions and Benefits (pension board). DeSimone alleged the analyst explained his pension was secure because he was not involved in any criminal conduct. The analyst sent documents to DeSimone, confirming his

---

[1] DeSimone had other service credits giving him just short of fifteen years in the pension system.

pension contributions were reallocated to the deferred retirement pension plan. According to DeSimone, he relied on the information provided by the pension board analyst and decided to leave his contributions in the pension fund rather than investing the money elsewhere. DeSimone also claimed he spoke to various pension board personnel and checked the pension benefit website over the years to confirm his pension status.[2]

On March 11, 2017, DeSimone submitted an application requesting his deferred retirement pension benefits. In response, the Township sent documents to the Board, explaining DeSimone's dismissal from the police department. In August 2017, the Board denied the application for deferred retirement pension benefits. The Board held DeSimone was terminated for cause by the Township and was thus ineligible for deferred retirement pension benefits in accordance with N.J.S.A. 43:16A-11.2.

DeSimone appealed the Board's denial and requested an administrative hearing before the Office of Administrative Law (OAL). The Board did not

---

[2] DeSimone supports his pension status with a self-serving September 15, 2017 letter to the Board. However, DeSimone submitted no certification or affidavit declaring the information contained in the letter was based on competent or admissible evidence. See R. 1:6-6 (requiring "facts not appearing of record or not judicially noticeable, the court may hear it on affidavits made on personal knowledge, setting forth only facts which are admissible in evidence to which the affiant is competent to testify").

refer the matter to the OAL because there were no issues of disputed fact requiring a hearing.

On December 12, 2017, the Board issued a final administrative determination, finding DeSimone ineligible for deferred retirement pension benefits. Relying on N.J.S.A. 43:16A-11.2, the Board held "[r]emoval for cause on charges of misconduct or delinquency automatically disqualifie[d] [DeSimone] from eligibility for a [d]eferred retirement." The Board advised DeSimone that he was entitled to the return of his accumulated pension contributions.

On appeal, DeSimone claims the Board was equitably estopped from denying deferred retirement pension benefits based on the information from the pension board that he was eligible for such benefits.

Our review of an administrative agency action is limited due to the "'expertise and superior knowledge' of an agency in its specialized field." Francois v. Bd. of Trs., 415 N.J. Super. 335, 347 (App. Div. 2010) (quoting Hemsey v. Bd. of Trs., Police & Firemen's Ret. Sys., 198 N.J. 215, 223 (2009)). We will uphold an agency's decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record."

A-2324-17T2

Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)).

The doctrine of equitable estoppel applies in situations where "one may, by voluntary conduct, be precluded from taking a course of action that would work injustice and wrong to one who with good reason and in good faith has relied upon such conduct." Summer Cottagers' Ass'n of Cape May v. City of Cape May, 19 N.J. 493, 503-04 (1955). However, "equitable estoppel is rarely invoked against the government . . . ." Bridgewater-Raritan Educ. Ass'n v. Bd. of Educ., 221 N.J. 349, 364 (2015) (quoting In re Johnson, 215 N.J. 366, 386 (2013)). In the limited circumstances where the doctrine has been applied in a pension case, the petitioner "demonstrated detrimental reliance on express assurances of employment qualification or pension credit either by their employer[] or pension board[]." Welsh v. Bd. of Trs., Police & Firemen's Ret. Sys., 443 N.J. Super. 367, 379 (App. Div. 2016).

Here, the doctrine of equitable estoppel cannot be invoked by DeSimone since he failed to prove detrimental reliance. At best, DeSimone claims he was provided information by the pension board regarding deferred retirement pension benefits after his termination. However, he lacks any competent evidence of his communications with the pension board. Nor does the record

5

indicate the pension board was aware of the basis for DeSimone's departure from the police department. Absent knowledge of the reason for DeSimone's termination, the information provided by the pension board was accurate. DeSimone knew he was dismissed for misconduct or delinquency under N.J.S.A. 43:16A-11.2, negating any good faith basis for his reliance on information from the pension board.

Further, DeSimone's reliance on periodic inquiries directed to the pension board and pension website confirming his pension status is unavailing. The computer-generated pension information is a ministerial clerical task completed without any legal analysis of whether DeSimone was disqualified from receipt of pension benefits for any reason. The pension board did not engage in conduct amounting to any misrepresentation because the pension board was unaware DeSimone lost his job for conduct unbecoming a public employee until after DeSimone applied for deferred retirement pension benefits.

Having reviewed the record, the Board's decision denying DeSimone's deferred retirement benefits was not arbitrary or capricious.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2324-17T2